GEORGE McANENY et al., Constituting the Transit Commission of the State of New York, Respondents, *v.* NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants.

Railroads — Public Service Commission — jurisdiction — former adjudication — new street crossing railroads — when order determining that street shall be carried over tracks not res adjudicata upon review of order directing railroads to construct bridge — jurisdiction of Commission to direct construction of bridge — Commission without power to direct railroads to construct bridge not only over tracks but over entire valley including lands not belonging to them.

1. The Public Service Commission is without jurisdiction to order railroad companies to construct an entire bridge when only a portion of the bridge and its approaches carries a street over the railroad tracks.

2. An order of the Public Service Commission determining, under section 90 of the Railroad Law, that a certain street, about to be opened in the city of New York, shall be constructed over the defendant's railroads should not be given an unreasonable and arbitrary meaning for the purpose of applying the doctrine of *res adjudicata* to an order of peremptory mandamus directing defendants to obey a subsequent order of the Commission to construct at their expense a bridge not only across their tracks but also across the entire Bronx valley including the lands of the Bronx Parkway reservation. It should be construed merely as an approval of the general plan of carrying the street over the tracks, leaving open the question of the jurisdiction of the Commission to make the subsequent order.

3. On the merits the order cannot be sustained. The determinations of the Commission are valid only so far as it acts within the authority delegated to it by the Legislature. The Railroad Law, in terms, goes no further than to authorize the Commission to make an order determining the height, length and material of the bridge by means of which the street shall be carried across the railroad, together with the approaches thereto, and directing the railroad to construct it. It does not empower the Commission to direct the railroad to construct any overhead crossing structure other than a bridge or other structure *across the railroad tracks* with reasonable incidental approaches. The Legislature did not have in contemplation the con-

struction of vast public works at the expense of the railroads, when the crossing of railroad tracks is a mere incident thereto.

McAneny v. N. Y. C. R. R. Co., 206 App. Div. 751, reversed.

(Argued March 31, 1924; decided May 13, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 29, 1923, which unanimously affirmed an order of Special Term granting a motion for a peremptory order of mandamus requiring defendants to construct a bridge across the Bronx valley and over their tracks at Two Hundred and Thirty-eighth street in the city of New York.

*Isaac N. Mills, Alexander S. Lyman* and *William L. Barnett* for appellants. The orders made in the former proceeding, which culminated in the order of this court, made November 26, 1918 (224 N. Y. 708), do not constitute a bar as *res adjudicata* against the defense raised by defendants herein. (*Cromwell* v. *Sac County*, 94 U. S. 351; *Boyd* v. *Alabama*, 94 U. S. 645; *Beach* v. *Crain*, 2 N. Y. 86; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *Cook* v. *Conners*, 215 N. Y. 175; *Mehlop* v. *C. U. Trust Co.*, 235 N. Y. 102; *Rowland* v. *Hubby*, 26 App. Div. 522; *Lance* v. *Shaughnessy*, 86 Hun, 411; *Gaynor* v. *Vil. of Portchester*, 230 N. Y. 210; *People ex rel. Hallock* v. *Hennessy*, 206 N. Y. 750.) The fact that in the former proceeding these appellants, before the commission and also upon the appeal to the court from the determination of the commission, opposed upon other grounds, should not be held to constitute a waiver by appellants of the objection of want of power in the commission to so act. (*Matter of Buckley*, 233 N. Y. 539; *Tingue* v. *Village of Portchester*, 101 N. Y. 294; *Matter of Woolsey*, 95 N. Y. 135; *Matter of Cooper*, 93 N. Y. 507; *Matter of Lange*, 85 N. Y. 307; *Matter of Van Buren*, 79 N. Y. 384; *Merritt* v. *Village of Portchester*, 71 N. Y. 309; *City of Watertown* v. *Fairbanks*, 65 N. Y. 588.) The statute, section 90 of the

Railroad Law, should be construed as not applying to the situation here, and as not authorizing the petitioners, under section 57 of that law or otherwise, to compel appellants to make the proposed construction; and the decision of the courts upon the former appeal should not be held to be *res adjudicata* upon that question; and the failure of the appellants to raise that question in that former proceeding should not be held as a waiver thereof by them. (*People ex rel. Town of Scarsdale* v. *P. S. Comm.*, 220 N. Y. 1; *People ex rel. N. Y. C. R. R. Co.* v. *P. S. Comm.*, 231 N. Y. 1; *Matter of Woolsey*, 95 N. Y. 135; *Matter of Van Buren*, 79 N. Y. 384; *Matter of N. Y. C. & H. R. R. R. Co.*, 136 App. Div. 760; 200 N. Y. 121; *Stuart* v. *Palmer*, 74 N. Y. 183.)

*Carleton S. Cooke* and *William G. Fullen* for respondents. The Grade Crossing Act authorized the orders of the Public Service Commission. Its determination having been affirmed by the Appellate Division and by this court, all questions as to the size, material, type, clearance, necessity, etc., of the bridge have been settled and decided and are no longer open to argument; *res judicata inter partes jus facit.* (*People ex rel. Best* v. *Preston*, 62 Hun, 185; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *Barber* v. *New Scotland*, 64 App. Div. 229; *Long Island Railroad Co.* v. *State of New York*, 157 App. Div. 12.)

*George P. Nicholson, Corporation Counsel* (*Vincent Victory* of counsel) for City of New York, intervener. The order in the Appellate Division of the Supreme Court and the order and judgment in the Court of Appeals affirming the order of the Public Service Commission are conclusive as former judgments as to the questions raised by plaintiff in the statutory mandamus proceeding on hand. (*Matter of Application of City of New York* [*East 238th Street*], 184 App. Div. 896; 224 N. Y. 708; *Bracken* v. *Atlantic Trust Co.*, 36 App. Div. 67; *Griffin* v.

*Keese*, 187 N. Y. 454; *Cromwell* v. *Sac Co.*, 94 U. S. 351; *City of New York* v. *New York City Railway Co.*, 193 N. Y. 543; *Eissing Chemical Co.* v. *Peoples Nat. Bank*, 205 App. Div. 89; *Hassett* v. *Rathbone*, 204 App. Div. 229; *Southern Pacific Railroad* v. *U. S.*, 168 U. S. 1; *Stewart* v. *Village of Ashtabula*, 98 Fed. Rep. 516; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *Matter of Equitable Trust Co.* v. *Hamilton*, 226 N. Y. 241; *People ex rel. Wessell, Nickel & G.* v. *Craig*, 236 N. Y. 100; *Von der Born* v. *Schultz*, 111 App. Div. 263; 188 N. Y. 596; *Levenson* v. *Johnson*, 129 App. Div. 30; *Harding* v. *Gaillard*, 176 App. Div. 833; *Eiss* v. *Summers*, 205 App. Div. 691; *Spector* v. *Fine*, 196 N. Y. Supp. 545; *Matter of Cooper*, 93 N. Y. 507; *Sullivan* v. *Hudson Navigation Co.*, 182 App. Div. 153.) The Public Service Commission correctly construed section 90 of the Railroad Law in applying it to the situation in the case in hand. (*Minor v. Erie R. R. Co.*, 171 N. Y. 566.)

Pound, J. The question is as to the proper interpretation of the provisions of the Railroad Law relative to the construction of overhead street crossings ordered by the Transit Commission of New York.

Railroad Law (Cons. Laws, ch. 49), section 90, provides: " Section 90. New streets across railroads. (1) When a new street * * * or new portion or additional width of a street * * * shall hereafter be constructed across a steam surface railroad * * * such street * * * shall pass over or under such railroad or at grade, as the public service commission shall direct. * * * (2) The public service commission shall determine whether such street * * * shall be constructed over or under such railroad or at grade. * * * (3) If said commission shall determine that such street * * * shall be carried *across such railroad* above the grade thereof, *then* said public service commission shall determine the height, the length and the

material of the bridge or structure by means of which such street * * * shall be carried *across such railroad,* and the length, character and grades of· the approaches thereto. * * * The decision of the public service commission as to the manner and method of carrying such new street * * * across such railroad shall be final, subject however to the right of appeal hereinafter given."

" Section 94. Performance of work; Division of expense Accounting; Claims for damage; Valuations. * * *

" 2. Whenever under the provisions of section ninety of this chapter a new street, avenue, highway or road or new portion or additional width of a street, avenue, highway or road is constructed across an existing railroad, the railroad corporation shall pay one-half and the municipal corporation having jurisdiction over such street, avenue, highway, or road or new portion or additional width of a street, avenue, highway or road shall pay the remaining one-half of the expense of making such crossing above or below the grade of the railroad."

" 6. In carrying out the provisions of sections * * * ninety * * * of this chapter. . * * * (4) the work shall be done by the railroad corporation or corporations affected thereby, subject to the supervision and approval of the public service commission; * * *. Plans and specifications of all changes proposed under section ninety * * * and an estimate of the expense thereof shall be submitted to the public service commission for its approval before the letting of any contract. In case the work is done by contract the proposals of contractors shall be submitted to the public service commission, * * * "

" Section 96. Proceedings to enforce orders of commission.· (5) It shall be the duty of the corporation, municipality or person or persons to whom the decisions or orders of the public service commission are directed, as provided in sections * * * ninety * * * to comply with such decisions and orders, and in case of their

failure so to do the commission shall thereupon take proceedings to compel obedience to the decisions and orders of the commission.   (6) The supreme court at a special term. shall have the power in all cases of such decisions and orders by the public service commission to compel compliance therewith by mandamus, or under the provisions of the public service commissions law, subject to appeal to the appellate division of the supreme court and the court of appeals in the same manner and with like effect as is provided in case of appeals from an order of the supreme court."

Public Service Commission Law (chapter 48 of the Consolidated Laws, as amended):  " Section 57. Summary proceedings.   Whenever either commission shall be of opinion that a  *  *  *  railroad corporation *  *  *  subject to its supervision is failing or omitting *  *  *  to do anything required of it by law or by order of the commission  *  *  *  it shall direct counsel to the commission to commence an action or proceeding in the supreme court of the state of New York in the name of the commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction.  *  *  *  In case of default in answer or after answer, the court shall immediately inquire into the facts and circumstances in such manner as the court shall direct without other or formal pleadings, and without respect to any technical requirement. *  *  *  The final judgment in any such action or proceeding shall either dismiss the action or proceeding or direct that a writ of mandamus or injunction or both issue as prayed for in the petition or in such modified or other form as the court may determine will afford appropriate relief."

The tracks of the railroad companies leave the Grand Central Station in New York city, cross the Harlem river and run in a generally northerly direction through the valley of the Bronx river.   East Two Hundred and Thirty-

eighth street in the borough of The Bronx runs east and west. Between Bullard avenue and Webster avenue, which run north and south, lies the valley of the Bronx.

Under the provisions of section 90 of the Railroad Law it had been determined before the order now before us for review was made, *first*, that a new portion of East Two Hundred and Thirty-eighth street was to be laid out across the railroad tracks of appellants, connecting Bullard avenue and Webster avenue; and *secondly*, that such street was to be constructed *over* such railroads. The order directing that the street shall be constructed over the railroads has been reviewed by the courts and affirmed. (*Matter of City of New York, East 238th Street*, 184 App. Div. 896; 224 N. Y. 708.)

The respondents now seek by peremptory mandamus, under section 96 of the Railroad Law and section 57 of the Public Service Commission Law, to compel appellants to obey a subsequent order of the commission to construct at their expense an overhead bridge for general traffic to cross the tracks of appellants, such bridge to be about eight hundred feet long, not less than eighty feet in width, and from thirty-five to sixty feet above defendants' tracks, to be constructed with its approaches in accordance with certain plans and profiles.

Appellants object to such order for the reason that it compels them to construct a bridge, not only across their tracks but also across the entire Bronx valley, including the lands of the Bronx Parkway Reservation, at a cost of approximately $1,000,000. One hundred and sixty-five feet of the bridge are over the New York, New Haven and Hartford Railroad Company's right of way, two hundred and fifteen feet over the New York Central's right of way and four hundred and forty-five feet over the lands of the Bronx Parkway Reservation. The configuration of the Bronx valley at this point is such that Two Hundred and Thirty-eighth street could not be extended across it for practical use except by a bridge

of the character indicated. The presence of the railroads in the valley does not make the overhead crossing which has been ordered by the commission either necessary or proper. The same type of structure would be necessary if the railroads did not occupy a portion of the valley.

Section 94, subd. 6, of the Railroad Law provides: " In carrying out the provisions of sections   *   *   *   ninety *   *   *   the work shall be done by the railroad corporation or corporations affected thereby." The contention of the respondents is that the prior order is final on this point and the matter is *res adjudicata.* But the doctrine of *res adjudicata* is based upon reasons and principles which are not applicable here. A judgment is not a bar or estoppel in a subsequent litigation between the same parties to a cause of action, except as to questions which were actually litigated and determined. (*Cook* v. *Conners,* 215 N. Y. 175.) The question who should pay the ultimate cost of the structure was directly reserved in the prior proceeding although section 94 of the Railroad Law provides that the railroads shall pay " one-half of the expense of making such crossing above or below the grade of the railroad." The determination of the question who should construct the entire structure was not essential to the prior determination by the commission and was not in terms decided thereby. That the railroads should do the work is an inference from the language of the statute, but not a necessary inference. The substance of the former order is that the street shall cross the railroad tracks on a bridge as specified. It is not in itself an order that the railroad companies shall construct the entire bridge at their expense, nor is that its necessary legal effect. Having regard both to the interests of the public and the railroads, such an order should not be given an unreasonable and arbitrary meaning for the purpose of applying the doctrine of *res adjudicata* to the order now before us for review. It should be construed

9

merely as an approval of the general plan of carrying the street over the railroad tracks. The question of the jurisdiction of the commission to make the order now before us for revision remains open.

On the merits the order cannot be sustained. The determinations of the commission are valid only so far as it acts within the authority delegated to it by the legislature. (*People ex rel. N. Y. & Queens Gas Co.* v. *McCall,* 219 N. Y. 84, 88; affd., 245 U. S. 345.) The Railroad Law, in terms, goes no further than to authorize the commission to make an order determining the height, length and material of the bridge by means of which the street shall be carried across the railroad, together with the approaches thereto, and directing the railroads to construct it. It does not empower the commission to direct the railroad to construct any overhead crossing structure other than a bridge or other structure *across the railroad tracks* with reasonable incidental approaches. (*Matter of New York Central & H. R. R. R. Co.,* 200 N. Y. 121; *State ex rel. City of St. Paul* v. *St. Paul, M. & M. Ry. Co.,* 62 Minn. 450; *Railroad Commission of Calif.* v. *Southern Pacific Co.,* 264 U. S. 331.) Such provisions apply naturally only to the highway over the railroad in the common acceptance of the words. (*People ex rel. N. Y. C. R. R. Co.* v. *P. S. Com.,* 231 N. Y. 1.) The portion of the structure ordered herein which crosses the lands of the Bronx Parkway Reservation is not a bridge across the railroad nor an approach thereto within the reasonable meaning of the Railroad Law. The bridge is the structure to be erected across the valley. The approaches thereto are the ways or means of access to the bridge, not a part of the bridge itself. An oppressive construction of the statute is not justified. It must be given a fair and reasonable construction, having in mind the subject-matter to which it is applied, the mischief to be guarded against and the remedy. (*Heydon's Case,* 3 Coke 7a; *Woollcott* v. *Shubert,* 217 N. Y. 212, 221.) The mischief was the

dangerous nature of grade crossings; the remedy was the bridging of such crossings so that the tracks might be crossed in safety by travelers on the highway. The legislature did not have in contemplation the construction of vast public works at the expense of the railroads, when the crossing of railroad tracks is a mere incident thereto. The work to be done by the railroad companies under section 94 of the Railroad Law refers only to such work as the commission has authority to order the railroads to perform.

It is unnecessary to discuss the constitutional question which might arise if the law were as the respondents contend that it is. We hold merely as a matter of statutory construction that the commission is without jurisdiction to order the railroads to construct the entire bridge when only a portion of it carries the street over the railroad tracks. When it comes to the question of state legislative power to impose great expense on interstate railroads without the action of the interstate commerce commission, the position of the railroads would probably be materially strengthened by the recent decision of the Supreme Court of the United States in *Railroad Commission* v. *Southern Pacific Co. (supra)*.

The orders appealed from should be reversed and the motion for an order of peremptory mandamus directing the railroads to construct the entire bridge denied, with costs in all courts.

CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch. J., not voting.

Orders reversed, etc.