In the Matter of the Application of the City of New York for a Determination as to the Manner in Which East Two Hundred and Thirty-eighth Street, between Webster Avenue and Bullard Avenue, Shall Be Carried Across the Tracks of the New York and Harlem Railroad Company, Leased to and Operated by the New York Central Railroad Company, and the Tracks of the New York, New Haven and Hartford Railroad Company.

The New York Central Railroad Company and Others, Appellants; The City of New York and Another, Respondents.

First Department, January 15, 1926.

Railroads — crossings — order of Transit Commission that railroads construct so much of bridge carrying street over railroads as is above respective rights of way, and also construct one approach — bridge in question will carry East Two Hundred and Thirty-eighth street across Bronx valley in New York city and over railroads — prior decision of Court of Appeals is binding — Railroad Law, § 90, is applicable — order affirmed.

An order of the Transit Commission directing that East Two Hundred and Thirty-eighth street in the city of New York be carried across Bronx river valley upon a viaduct bridge and that railroads over whose rights of way the bridge will be constructed must construct so much of the bridge as is above their respective rights of way and must construct one approach to the bridge, is affirmed, as being within the power of the Transit Commission under section 90 of the Railroad Law.

The contention by the railroad companies that in a prior decision of the Court of Appeals (*McAneny* v. *New York Central R. R. Co.*, 238 N. Y. 122) that court held that section 90 of the Railroad Law was not applicable in this case, cannot be sustained, for the decision of the Court of Appeals in that case was simply that said section of the Railroad Law did not require the railroads to construct the entire bridge over Bronx valley, including that part of the bridge which was not over the rights of way of the railroad companies, but that the

only duty of the railroad companies was to construct the bridge in so far as it passed over their rights of way.

The evidence shows that the presence of the railroads in the valley creates the necessity for crossing the valley by means of the viaduct which the Transit Commission has ordered constructed.

APPEAL by the New York Central Railroad Company and others from an amended order and determination of the Transit Commission, bearing date April 7, 1925, which order directed that East Two Hundred and Thirty-eighth street in the city of New York, borough of The Bronx, be carried across the Bronx river valley upon a viaduct bridge from Bullard avenue on the east to Webster avenue on the west in accordance with plans, specifications and profile previously approved by the Transit Commission, and that said railroad companies should construct so much of said bridge as was above their respective rights of way running through said valley, and that said railroad companies also construct the approach at the eastern end of said bridge, the companies being held responsible only for one-half of the cost of such construction, as provided by section 94 of the Railroad Law.

*Alexander S. Lyman* and *Charles M. Sheafe, Jr.* [*Isaac N. Mills* of counsel], for the appellants.

*George P. Nicholson,* Corporation Counsel [*Vincent Victory* of counsel], for the respondent City of New York.

*Louis W. Stotesbury* [*Carleton S. Cooke* of counsel], for the respondent Transit Commission.

MERRELL, J.   At the point in question the Bronx river valley is substantially 2,000 feet wide, and the proposed bridge is really a viaduct, which, under existing conditions, is the only means of carrying East Two Hundred and Thirty-eighth street across said valley.

This matter has been twice previously before this court, and twice, upon successive appeals, to the Court of Appeals. The Public Service Commission, First District, the predecessor of the Transit Commission, in the first instance determined, under section 90 of the Railroad Law, that East Two Hundred and Thirty-eighth street should cross above the grade of the railroad tracks of the appellants, and directed the construction of a bridge for that purpose. It was then the contention of the railroad companies that it was beyond the power of the Commission to compel the railroad companies to pay any part of the expense of constructing said bridge; and that the Commission had failed to determine the height, length, material, etc., of the bridge and the approaches thereto, as required by law; and that said Commission should have apportioned the expense between the parties, the city of

New York and the State. On appeal from the order of the Public Service Commission, First District, to this court, the order of the Commission was unanimously affirmed (*Matter of City of New York* [*East 238th Street*], 184 App. Div. 896), and on an appeal from the affirmance by this court to the Court of Appeals, the latter court unanimously affirmed the order of this court (224 N. Y. 708). No opinion was written either in this court or in the Court of Appeals. Subsequently, the railroads not taking the initiative in building said bridge across the Bronx valley in conformity with the provisions of the aforesaid order of the Public Service Commission, First District, an application was made to the Special Term and an order made thereon granting a motion by the Public Service Commission for a peremptory order of mandamus requiring the appellants to construct a bridge across the Bronx valley and over their tracks at East Two Hundred and Thirty-eighth street in the city of New York. From the order of the Special Term an appeal was taken to this court, where said order was affirmed. (*McAneny v. New York Central R. R. Co.*, 206 App. Div. 751.) An appeal was further taken to the Court of Appeals, and the latter court, by an opinion written by Pound, J., determined that " the orders appealed from should be reversed and the motion for an order of peremptory mandamus directing the railroads to construct the entire bridge denied, with costs in all courts." (238 N. Y. 122.) The board of estimate and apportionment accepted the decision of the Court of Appeals and authorized the construction by the city of so much of the bridge as passed over the Bronx Parkway Reservation for a distance of 445 feet, and thereupon the order appealed from was made by the Transit Commission, the successor to the Public Service Commission, First District, which directed, as before stated, that East Two Hundred and Thirty-eighth street be carried across the Bronx river valley upon a viaduct bridge in accordance with the plans, profiles and specifications previously approved by the Commission, and that the New York Central Railroad Company and the New York, New Haven and Hartford Railroad Company should construct so much of said bridge as was above their rights of way running through said valley and the incidental approach thereto at the eastern end of said bridge, said companies to be held responsible only for their share of the cost of such construction as provided by section 94 of the Railroad Law, which, as before stated, was one-half of such expense.

It is the contention of the appellants upon this appeal, first, that the last decision of the Court of Appeals (*McAneny v. New York Central R. R. Co.*, 238 N. Y. 122) determined that the grade

crossing sections of the Railroad Law had no application to a viaduct bridge crossing such as the one ordered in the order appealed from; and that the Transit Commission erred in holding as it did, that that decision applied only to the part of the viaduct exterior to the railroad lands.

The appellants also contend that if it be held that the determination of the Commission implied a finding of fact that the taking of the street over the valley by the directed overhead structure was necessitated by the presence of the railroads in the valley, such finding was against the weight of the evidence. The appellants further claim that if it be held that the Railroad Law does authorize the imposition of such burden upon the railroad companies as is contemplated by the proposed improvement, the law is unconstitutional. (See U. S. Const. 14th Amendt. § 1; State Const. art. 1, § 6.)

I think the appellants are wrong on all three propositions, and that, so far as the order appealed from is concerned, we are bound by the previous decisions of this court and of the Court of Appeals. The decision of the Court of Appeals affirming the original determination of the Public Service Commission directing the construction of said bridge, fixed the rights and obligations of the parties as to the manner of construction, height, etc., of the proposed improvement. In the mandamus proceeding the order of the Special Term required the defendants to construct the bridge over the tracks of the appellants. A careful reading of the opinion of the Court of Appeals has convinced me that that court in no wise assumed any different position than originally taken by said court that East Two Hundred and Thirty-eighth street should be carried across the Bronx valley by means of a bridge in conformity with the plans adopted by the Commission. All that the Court of Appeals really held was that the Commission was without jurisdiction to compel the railroads to construct the entire bridge. At the close of the opinion of the Court of Appeals (*McAneny* v. *New York Central R. R. Co.*, 238 N. Y. 122, 131) the court said: " We hold merely as a matter of statutory construction that the Commission is without jurisdiction to order the railroads to construct the *entire bridge* when only a portion of it carries the street over the railroad tracks." (Italics are the writer's.) The Court of Appeals held that the whole matter was governed by the provisions of the Railroad Law. Section 90 of the Railroad Law (as amd. by Laws of 1914, chap. 378; since amd. by Laws of 1921, chap. 698, and Laws of 1924, chap. 481), so far as pertinent, provides as follows:

" § 90. New streets across railroads. When a new street

* * * or new portion or additional width of a street * * * shall hereafter be constructed across a steam surface railroad * * * such street * * * shall pass over or under such railroad or at grade, as the Public Service Commission shall direct. * * * The Public Service Commission shall determine whether such street * * * shall be constructed over or under such railroad or at grade. If said Commission shall determine that such street * * * shall be carried across such railroad above grade, then said Commission shall determine the height, the length and the material of the bridge or structure by means of which such street, avenue, highway or road * * * shall be carried across such railroad, and the length, character and grades of the approaches thereto. * * * The decision of the Commission as to the manner and method of carrying such new street * * * across such railroad shall be final, subject however to the right of appeal hereinafter given."

Section 91 of the Railroad Law (as amd. by Laws of 1914, chap. 378; since amd. by Laws of 1921, chap. 698) provides that any person aggrieved by a decision of the Commission under section 90, and who was a party to said proceeding, may within sixty days appeal therefrom to the Appellate Division of the Supreme Court in the department in which such grade crossing is situated, and to the Court of Appeals, in the same manner and with like effect as is provided in regard to an order of the Supreme Court. It is by virtue of such provision that the present appeal is taken. Section 94 of the Railroad Law (as amd. by Laws of 1915, chap. 240; since amd. by Laws of 1921, chap. 698, and Laws of 1924, chap. 481), with reference to performance of work, division of expense, accounting, claims for damage, valuations, etc., provides as follows:

" 2. Whenever under the provisions of section ninety of this chapter a new street, avenue, highway or road or new portion or additional width of such street, avenue, highway or road is constructed across an existing railroad, the railroad corporation shall pay one-half and the municipal corporation having jurisdiction over such street, avenue, highway or road or new portion or additional width of such street, avenue, highway or road shall pay the remaining one-half of the expense of making such crossing above or below the grade of the railroad. * * *

" 6. In carrying out the provisions of sections * * * ninety * * * of this chapter, the work shall be done by the railroad corporation or corporations affected thereby, subject to the supervision and approval of the Public Service Commission * * *. Plans and specifications of all changes proposed under sections

ninety  *  *  *  and an estimate of the expense thereof shall be submitted to the Public Service Commission for its approval before the letting of any contract.  *  *  *  In case the work is done by contract the proposals of contractors shall be submitted to the Public Service Commission  *  *  *."

The Public Service Commission Law provides, by section 57 thereof, as follows:

" § 57.  Summary proceedings.  Whenever either Commission shall be of opinion that a  *  *  *  railroad corporation  *  *  * subject to its supervision is failing or omitting  *  *  *  to do anything required of it by law or by order of the Commission *  *  *  it shall direct counsel to the Commission to commence an action or proceeding in the Supreme Court of the State of New York in the name of the Commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction.  *  *  *  In case of default in answer or after answer, the court shall immediately inquire into the facts and circumstances in such manner as the court shall direct without other or formal pleadings, and without respect to any technical requirement.  *  *  *  The final judgment in any such action or proceeding shall either dismiss the action or proceeding or direct that a writ of mandamus or an injunction or both issue as prayed for in the petition or in such modified or other form as the court may determine will afford appropriate relief."

At the point in question the tracks of the appellants run generally in a northerly and southerly course, while East Two Hundred and Thirty-eighth street in the borough of The Bronx runs easterly and westerly.  On the opposite side of the valley of the Bronx is Bullard avenue extending easterly.  The Court of Appeals in *McAneny* v. *New York Central R. R. Co.* (*supra*, 128) refers to the previous order that a new portion of East Two Hundred and Thirty-eighth street be laid out to cross the railroad tracks of the defendants connecting Bullard avenue and Webster avenue, and that such street was to be constructed *over* such railroads, and that the order had been affirmed by the courts (184 App. Div. 896; 224 N. Y. 708), and that the substance of the former order was that the street should cross the railroad tracks on a bridge as specified, but that it was no part of the order that the railroad companies should construct the *entire* bridge at their expense, nor was that its necessary legal effect.  The Court of Appeals further held on the last appeal that the Railroad Law in terms authorized " the Commission to make an order determining the height, length and material of the bridge by means of which the street shall be carried across the railroad, together with the

approaches thereto, and directing the railroads to construct it. It does not empower the Commission to direct the railroad to construct any overhead crossing structure other than a bridge or other structure *across the railroad tracks* with reasonable incidental approaches." The Court of Appeals then proceeded to hold, as before stated, that the Commission was without jurisdiction to order the railroads to construct the *entire bridge* when only a portion of it carried the street over the railroad tracks. As I look at it, this left the entire matter as previously determined by the Commission, namely, that the street be carried across in accordance with the plans, specifications and profile theretofore adopted by the Commission, but that the railroads should be compelled to build only so much of the bridge as was above their tracks, and, as incidental thereto, the approach from Bullard avenue on the east.

It might be said in passing that it was stated upon the argument, and not denied, that on the previous appeal there was no evidence as to the physical condition, and that it would be practicable, except for the presence of the railroads in the valley, to cross the valley in conformity with the lay of the land, namely, by bridging or building a culvert over the Bronx river, and then up on the easterly side. The Court of Appeals on the last appeal assumed that, even though the railroads were not present in the valley, a high overhead crossing was required. The evidence before us on the present appeal shows that the presence of the railroads in the valley creates the necessity for crossing of the valley by means of a viaduct in accordance with the plans adopted by the Commission. The Court of Appeals stated in *McAneny* v. *New York Central R. R. Co.* (*supra,* 129): " The presence of the railroads in the valley does not make the overhead crossing which has been ordered by the Commission either necessary or proper. The same type of structure would be necessary if the railroads did not occupy a portion of the valley."

I think the present record conclusively shows that it would be entirely feasible, except for the dangerous crossing occasioned by the railroads, to build the street across the valley in practical conformity with the lay of the land, and that no serious grade to the street would be encountered thereby.

The order appealed from should be affirmed, with costs.

CLARKE, P. J., DOWLING, McAVOY and BURR, JJ., concur.

Order affirmed, with costs.