AUGUSTA LANDES, Plaintiff, *v.* LEONARD LANDES, Defendant.

Supreme Court, New York County, March 9, 1927.

Judgments — res judicata — action for accounting for use and occupancy of premises cannot be merged with action for accounting for rents and profits — judgment in action for accounting of rents and profits is not res judicata of plaintiff's action, alleging ouster and demanding accounting for husband's use and occupancy of premises held by parties as tenants by entirety — defense of separation agreement between parties cannot be considered in face of finding in prior action that agreement has been abrogated — fact that plaintiff obtained judgment of separation from defendant warrants determination that plaintiff was ousted from premises — plaintiff entitled to judgment.

An action for an accounting for the use and occupancy of premises, an essential element of which is ouster, cannot be merged with an action for an accounting of rents and profits, and consequently a judgment in an action for accounting for rents and profits received by plaintiff's husband from the tenants and occupants of the premises owned by the plaintiff and defendant as tenants by the entirety, is not *res judicata* of plaintiff's action herein, which alleges her ouster by the defendant and demands a decree for an accounting for defendant's use and occupancy of the premises.

A defense reciting the existence of a separation agreement between the parties cannot be considered, for the determination of the Appellate Division, affirming a finding in the prior action by plaintiff that the agreement had been abrogated, must be regarded here as conclusive.

Plaintiff very properly relied upon the judgment of separation, heretofore granted her, for support in respect to ouster, for the fact that defendant's misconduct

toward plaintiff made it unsafe and improper for her to live with him warrants a determination that plaintiff was ousted from possession of the premises by the defendant; no physical and violent ejectment as such is necessary to establish ouster.

ACTION to secure an accounting from the defendant for his use and occupancy of the premises No. 140 East Twenty-second street in the borough of Manhattan, New York city.

*Max D. Steuer* [*Harold H. Corbin* of counsel], for the plaintiff.

*House, Grossman & Vorhaus* [*Joseph Fischer* of counsel], for the defendant.

LEVY, J. The parties are husband and wife and as such jointly acquired the title to the property in question in 1905 as tenants by the entirety, and lived there together until 1912. In 1913, following several years of cruel and inhuman treatment as claimed by plaintiff, a separation agreement was entered into by which defendant was to have the use and occupancy of the property and was to pay plaintiff forty dollars a week for her support and maintenance, and it was also provided that the latter should not make any claim for rent, etc. Defendant thereafter defaulted in the payments owing from him, whereupon plaintiff accepted this as a breach of the agreement, and in May, 1915, brought suit for a separation. Judgment resulted in her favor on the very ground of cruel and inhuman treatment and this was affirmed in the Appellate Division and the Court of Appeals. (178 App. Div. 917; 226 N. Y. 604.) In 1922 plaintiff brought an action against defendant for an accounting of the rents and profits received by him from the tenants and occupants of the premises so owned by them by the entirety. There, as here, defendant pleaded the written separation agreement as a defense and it was held after trial that this did not avail because the agreement in question had been rescinded and abrogated. Defendant was called upon as a result to account for the rents and profits which he had collected and, after certain deductions, nothing was found to be due plaintiff and the complaint concededly was properly dismissed. In that action plaintiff attempted to recover for the use and occupancy of the premises by defendant, claiming that that was necessarily embraced within the issues there tendered. But every such attempt, it seems to me, was rightfully defeated, and the Appellate Division sustained the judgment.

Plaintiff now brings this action alleging her *ouster* by defendant and demanding a decree for an accounting for his use and occupancy of the premises and for the net income and profits accruing. Defendant by his answer denies that she was ousted, and as already

observed, once more sets up the separation agreement, and that the judgment in the former accounting suit is a bar to success here. It may be noted that in respect to ouster plaintiff evidently relies upon the judgment of separation for support in this direction. As to the defense of the separation agreement, this might be summarily determined at the very outset. The fact that this had been held to be abrogated and the determination affirmed by the Appellate Division, is entirely conclusive upon the court. In relation to the question of ouster, I am satisfied that no physical and violent ejectment as such is necessary to establish this feature of the cause. Indeed it may be inferred from the circumstances. (*Zapp* v. *Miller*, 109 N. Y. 51.) The legal effect of the findings in the separation suit can be none other than that defendant's misconduct toward plaintiff made it unsafe and improper for the latter to live with the former. As an immediate offspring from that situation, it would require no forced reasoning justly to assume that plaintiff was ousted from the possession of the premises by defendant.

As to the partial defense of *res adjudicata* due to the so-called splitting of the causes of action, I cannot say that I am at all persuaded. It is perfectly well settled in principle that the judgment of a court of competent jurisdiction is final as to the subject-matter thereby determined and concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it is rendered. And it does not matter whether the suit embraces the whole or only part of the demand constituting the cause. Obviously, this proceeds from the rule long since fully established that an entire claim arising either upon a contract or from a wrong cannot be divided, and suits brought in piecemeal fashion. It has been repeatedly held that the demand must be single and indivisible. This is true as a proposition of elementary law, and in respect of finality as to the demand in controversy it is not only conclusive upon the parties but also upon those in privity with them, and not only as to every matter which was received to sustain or defeat the demand but also as to any other admissible matter which might have been received for that purpose. In other words, it is final not only as to the matter actually set in issue and determined but as to every other situation interwoven with it which the parties might have litigated in the action and thus had determined.

But, is that the situation before us? Is the previous action for an accounting of the *rents and profits* one that might have embraced logically this litigation for an accounting in *use and occupancy?* It seems to me that it is not. Certainly each of these stands upon

a footing of its own; the evidence required to support an action for accounting of rents and profits might not necessarily be adequate to sustain a cause for such relief following use and occupancy. At first blush the vital distinction appearing upon the very surface is that of *ouster*. While it plays no remote part in an action in regard to rents and profits, it is undoubtedly and absolutely essential, *sine qua non*, in an action for use and occupancy. (*Adams v. Bristol*, 126 App. Div. 660; affd., 196 N. Y. 510.) In connection with the doctrine urged in bar, I consider *Cook v. Conners* (215 N. Y. 175) decidedly helpful by way of analogy. There (at pp. 178, 179 and 180) among other things, Judge COLLIN took occasion to say:

" A judgment is not a bar or estoppel in a subsequent litigation between the same parties of a cause of action which might have been pleaded and determined by it, but was not, although it may be a conclusive adjudication as to questions or facts which were actually litigated and determined. * * *

" The rule which requires a party not to split his cause of action, * * * does not require that distinct causes of action, each of which would authorize independent relief, should be presented in a single suit. And this is true, even though the several causes of action may exist at the same time. * * * The doctrine of *res adjudicata* is based upon reasons and principles which have no application to the case at bar. In order to sustain the plea the causes of action must be the same, between the same parties, based upon the same evidence, and resulting in damages based on the same reasons." (See, also, *McAneny v. New York Central R. R. Co.*, 238 N. Y. 122; *Townsley v. Niagara Life Ins. Co.*, 218 id. 228.)

Here, we have two separate and distinct grievances and the one involving ouster cannot logically be merged within the other, with respective causes of action that are not in all particulars the same, with evidence, in at least one important feature dissimilar, and damages resulting which cannot be predicated upon the precise hypothesis. Plaintiff is, therefore, entitled to prevail, and in the light of this the motion made by defendant at the close of the entire case, decision of which was reserved, will be deemed denied with exception to the latter. The proposed findings have been passed upon and the prevailing party within five days will submit decision and decree in conformity therewith.